RAY A. SUNDET, Corporation Counsel, La Crosse County
Your county has created a county mental health, mental retardation, alcoholism and drug abuse board, under the authority set forth in sec. 51.42 (4), Stats. The composition of your board is governed by sec. 51.42 (4) (b), Stats., which provides:
 "51.42 (4) (b) Except in counties having a population of 500,000 or more, in any county which does not combine with another county the board shall be composed of not less than 9 nor more than 15 persons of recognized ability and demonstrated interest in the problems of the mentally ill, mentally retarded, alcoholic or drug abuser. The board shall have representation from each of the aforementioned mental disability interest groups. No more than 5 members may be appointed from the county board of supervisors."
Your county ordinance creating such board provides that "not more than five of the nine member Unified Board may be county board members."
You advise that recent county board elections have resulted in the defeat of two county board members who were also members of the unified board. You inquire whether such defeated county board members may continue to sit on the unified board for the balance of the term for which they were originally appointed. *Page 204 
In my opinion, since a unified board, created pursuant to sec.51.42 (4) (b), Stats., need not be composed of members of the county board, if members of the county board are appointed to the unified board, they serve for the full term for which appointed, without reference to the termination of their office as county board members.
The board created under sec. 51.42 (4) (b), Stats., must be chosen from "persons of recognized ability and demonstrated interest in the problems of the mentally ill, mentally retarded, alcoholic or drug abuser," and county board membership is in no sense a qualification for appointment to such unified board. In fact, I note that the legislature has specifically limited the number of county board members that may be appointed to the unified board.
My predecessors have repeatedly concluded that a member of a county board who is a member of the county highway committee may serve out his unexpired committee membership even though not reelected to the county board. 48 OAG 241, 242 (1959). The reasoning supporting that opinion, as first stated in 5 OAG 339, 340 (1916), appears equally applicable here:
 ". . . The membership of this committee is not confined to the membership of the county board. . . . If a person not a member of the county board were elected or appointed a member of this committee, there would be no thought that his term of office expired at the spring election, because he was not elected a member of the county board. There is no greater reason for assuming that the term of office of a person who is elected or appointed to this committee from the membership of the county board expired because he was not reelected."
RWW:JCM